**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ISTVAN RUZSA,**

        **Plaintiff,**

**v.**                                        **Case No: 6:24-cv-1114-CEM-DCI**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

        **Defendant.**

---

**ORDER**

Plaintiff, proceeding *pro se*, initiated this action against the Commissioner of Social Security (the Commissioner). Doc. 1. On April 24, 2024, the case was transferred from the District of Columbia to this Court. Doc. 5. The Order transferring the case directs this Court to consider the underlying Motion to Proceed *In Forma Pauperis*. Doc. 2 (the Motion).

As an initial matter, the Motion is due to be denied because Plaintiff has failed to utilize the Long Form version of the motion to proceed *in forma pauperis*, which this Court requires, and can be found at "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)," located on the Court's website, www.flmd.uscourts.gov, under the "Forms" tab in the "Litigants without Lawyers Forms" tab.

Further, the Court must conduct a two-step inquiry when a plaintiff files a complaint and seeks leave to proceed *in forma pauperis*. First, the Court must evaluate the plaintiff's financial status and determine whether he or she is eligible to proceed *in forma pauperis*. 28 U.S.C. § 1915(a)(1). Second, once the Court is satisfied plaintiff is a pauper, the Court must review the complaint pursuant to § 1915(e)(2) and dismiss the complaint if the action is frivolous or malicious,

the complaint fails to state a claim on which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief. *Id.* at § 1915(e)(2)(B)(i-iii).[1]   The Court must also dismiss the complaint if it determines it has no subject matter jurisdiction over the claims. Fed. R. Civ. P. 12(h)(3); *see Davis v. Ryan Oaks Apartment*, 357 F. App'x 237, 238-39 (11th Cir. 2009) (per curiam).[2]   The Court must liberally construe the complaint when conducting the foregoing inquiry, *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), but the Court is under no duty to "re-write" the complaint to establish subject matter jurisdiction, avoid frivolousness, or state a claim upon which relief may be granted. *See Campbell v. Air Jamaica, Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014).

Upon review of the Complaint (Doc. 1), the Court finds that the Complaint fails to state a claim upon which relief can be granted. It is entirely unclear from the Complaint what precisely the Plaintiff is alleging and seeking. The Complaint contains references to D.C. Elder Fraud Statutes and Federal Rule of Civil Procedure 37. Doc. 1 at 1-3. Reading the Complaint liberally, it appears that Plaintiff is challenging the Commissioner's denial of social security benefits and arguing that the Commissioner, or an Assistant U.S. Attorney, violated various criminal statutes. Nevertheless, the Complaint is vague and ambiguous, and the Court will require Plaintiff to re-plead his causes of action with specificity and clarity.

Further, on June 27, 2024, Plaintiff filed a Motion to Change Venue. Doc. 10. Plaintiff appears to challenge the transfer of this case from the District of Columbia to this Court. However,

---

[1] The statute governing proceedings i*n forma pauperis* references actions instituted by prisoners, *see* 28 U.S.C. § 1915, but has been interpreted to apply to all litigants requesting leave to proceed *in forma pauperis*. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

[2] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

that motion is due to be denied for failure to comply with this Court's Local Rules. *See* Local Rule 3.01(a) ("A motion must include . . . a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request."); Local Rule 3.01(g) ("Before filing a motion in a civil action . . . the movant must confer with the opposing party in a good faith effort to resolve the motion."). Accordingly, the Motion to Change Venue will be denied without prejudice. If Plaintiff decides to re-file the Motion to Change Venue, the Commissioner must respond to that motion within the time provided by the Local Rules. *See* Local Rule 3.01(c) ("A party may respond to a motion within fourteen days after service of the motion.").

Accordingly, it is **ORDERED** that:

1. the Motion (Doc. 2) is **DENIED without prejudice**;[3]

2. the Motion to Change Venue (Doc. 10) is **DENIED without prejudice**;

3. **on or before August 16, 2024**, Plaintiff must file an amended complaint in compliance with this Order and Federal Rules of Civil Procedure 8 and 10;[4] and

4. if Plaintiff files an amended complaint, then **on or before August 16, 2024**, Plaintiff must also pay the filing fee or file a renewed motion to proceed in forma pauperis using the form set forth in this Order;

5. failure to comply with this Order may result in the dismissal of this case without further notice for failure to prosecute; and

6. if Plaintiff chooses to re-file his Motion to Change Venue, the Commissioner must respond within fourteen days of service of that motion.

---

[3] Plaintiff may object to this Order pursuant to Federal Rule of Civil Procedure 72(a).

[4] If, in fact, Plaintiff has filed this action seeking to have the Court review a final decision of the Commissioner of Social Security, this case is also governed by the Supplemental Rules for Social Security.

**ORDERED** in Orlando, Florida on July 25, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties